UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

---

**In Re DMCA Subpoena to Google LLC**

**Case No. 7:20-mc-00119-CS**

**Honorable Cathy Seibel**

---

# PLAINTIFF WATCH TOWER BIBLE AND TRACT SOCIETY OF PENNSYLVANIA'S MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO MOTION TO QUASH

1

## INTRODUCTION

Jehovah's Witnesses are well known for their distribution of Bible based books and publications. *See Watchtower Bible and Tract Soc'y of New York, Inc. v. Village of Stratton*, 536 U.S.150 (2002). After the creation of their website jw.org, Jehovah's Witnesses transitioned to also utilizing digital media in order to accomplish their scripturally based ministry. Jehovah's Witnesses use Watch Tower Bible and Tract Society of Pennsylvania to own its intellectual property.

After the transition to using digital media, Watch Tower experienced an explosion of internet based infringements of its intellectual property. Thus, Watch Tower undertook efforts to protect its rights. The instant subpoena is part of these efforts. *See* Affirmation of Paul D. Polidoro ¶ 2.

JW Apostate (hereinafter "Movant") posted a number of Watch Tower's complete videos. There were no transformative efforts made in these postings. Rather, as is clear from the motion, he/she asserts the right to unfettered use of Watch Tower's corporate intellectual property. The filthy diatribe he/she submitted claims this right is grounded in reporter's shield laws, and the First Amendment right to anonymous speech. As both arguments are without any legal support, his/her motion should be dismissed.

## CALIFORNIA AND NEW YORK SHIELD LAW ARE INAPPLICABLE

Movant asserts protection under California and New York laws protecting a reporter's source. While the rationale underlying the reliance upon California law is unclear, it is of no moment. Neither California nor New York provides the protection movant seeks.

Movant contends the shield laws protect his/her right not to reveal his/her sources. The case law and statutes he/she cited applies exclusively to the protection of sources. The subpoena

does not order him/her to reveal any source. It orders Google to reveal identifying information about the account holder that infringed Watch Tower's intellectual property. Thus, shield laws are inapplicable to this subpoena.

Movant confuses a reporter's legal right to protect his source with an imaginary right to protect a reporter's identity. Woodward and Bernstein long safeguarded Deep Throat's identity. However, there was no legal right for Woodward and Bernstein to conceal their own identity. Assuming arguendo that Movant was asked in the course of future litigation to reveal his sources, he could then provide his bona fides as "noted author and journalist" and argue for the application of shield law protections. However, such a request at this juncture is premature and should be summarily denied.

## THERE IS NO RIGHT TO ANONYMOUSLY INFRINGE INTELLECTUAL PROPERTY

Movant also seeks refuge in the right of anonymous speech. The law in this circuit is clear: there is no right to anonymously infringe copyrights. Further, First Amendment free speech jurisprudence fully supports this holding.

To subvert the well-established protections accorded copyrights, Movant asserts the right of anonymous speech. In so doing, he/she ignores the fact that the United States Court of Appeals for the Second Circuit has held this inapplicable in the realm of copyright infringement: "The First Amendment does not…provide a license for copyright infringement." *Arista Records, LLC v. Doe, 604 F. 3d 110, 118 (2d. Cir. 2010) citing Harper & Row, Publishers, Inc. v. Nation Enterprises, 471 U.S.539, 555-56, 569(1985)*. "Thus, to the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment." *Id*.at 118.

Arista completely supports the denial of Movant's motion. Arista applied the test set forth in *Sony Music Entertainment Inc. v Does 1-40, 326 F. Supp. 2d 556 (S.D.N.Y 2004)* to a subpoena conflict. Assuming this standard also applies to a DMCA subpoena, the motion should be denied. *See* Arista at 119.

First, Watch Tower has established a prima facie claim of actionable harm. It owns the copyrighted material that was placed on Movant's YouTube account. *See* Affirmation of Paul D. Polidoro at ¶ 4. Further, Movant does not contest the fact that Watch Tower owns the intellectual property that he/she disseminated without license or permission.

Second, the subject of the subpoena was specific.  It requires Google to provide Movant's identifying information.

Third, there are no alternative means for Watch Tower to obtain the subpoenaed information.

Fourth, Watch Tower needs the subpoenaed information in order to properly assess and advance a copyright infringement lawsuit

Finally, Movant has no reasonable expectation of privacy. The Arista court rejected a privacy claim as to the <u>identity</u> of the one who posted copyrighted material.

In sum, Watch Tower, having relied upon its statutory rights in obtaining a DMCA subpoena, and having complied with the statute's requirements, has established a prima facie showing of concrete harm, thus satisfying Arista's requirements.

Arista's holding has strong jurisprudential support in United States Supreme Court anonymous speech jurisprudence.  First, constitutional protections are accorded anonymous religious or political speech. *See Stratton*.  Movant is engaged in neither. In fact, he is not personally engaged in any speech.  Rather, he posts the religious speech of others contained in

copyrighted intellectual property and, despite not being a speaker, thereafter equates himself to an anonymous pamphleteer. He misunderstands the protection accorded such speakers.

Movant relies upon *McIntyre v. Ohio Elections Comm., 514 U.S. 334 (1995)* to assert his/her right to anonymity. This misses the mark. Mrs. McIntyre was engaged in her own political speech. She wrote her own pamphlets. She did not misappropriate the speech of others. She had the right to anonymity. Movant can say whatever he wants on his website and remain anonymous. However, Movant cannot engage in the wanton, wholesale dissemination of complete copyrighted works, and thereafter hide behind the shield of anonymity.

## CONCLUSION

Movant's reliance upon shield law protection and the right of anonymous speech is without merit. Watch Tower respectfully requests the motion be dismissed and Google be ordered to forthwith comply.

Dated: March 26, 2020  
Patterson, New York

Respectfully submitted,

WATCH TOWER BIBLE AND TRACT
SOCIETY OF PENNSYLVANIA
Legal Department
200 Watchtower Drive
Patterson, NY 12563
Telephone: 845-306-1000
Facsimile: 845-306-0709

/s/ Paul D. Polidoro
Paul D. Polidoro
Associate General Counsel
SDNY Bar No. PP2509

*Attorneys for Plaintiff*